IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lynn Seithel, and | ) | |
| Seithel Law, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:11-cv-1854-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Feldman & Pinto, P.A., | ) | |
| Feldman & Pinto, P.C., and | ) | |
| Feldman & Pinto, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Lynn Seithel's ("Plaintiff" or "Seithel") Motion to Reconsider, Alter or Amend the Court's Order of September 7, 2011 (the "Order"). In the Order, the Court found that the Philadelphia Action and this action were duplicative, the Philadelphia Action was the first-filed, and nothing in the record suggested that the balance of convenience favored the second-filed forum. As such, the Court transferred the case to the United States District Court for the Eastern District of Pennsylvania. Plaintiff now asks the Court to amend or alter the Order. After reviewing the Order, the Court denies Plaintiff's Motion to Reconsider, Alter or Amend.

**STANDARD OF REVIEW**

In *Dash v. Mayweather*, No. 3:10-cv-1036, 2010 WL 3606829 (D.S.C. Sep. 13, 2010), the court stated the appropriate standard for motions to reconsider, alter or amend:

> Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter

1

or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, n. 5 (2008) (internal citation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993).

## **ANALYSIS**

In the Order, the Court found that the Philadelphia Action was the first-filed and transferred this action to the Eastern District of Pennsylvania. Plaintiff does not argue that the Court incorrectly found that the lawsuits were duplicative, or that the Philadelphia Action was the first-filed. Instead, Plaintiff argues that the transfer was inappropriate because an exception to the first-filed rule should have been applied based on the "special circumstances" of this case.

Generally speaking, the "special circumstances" exception to the first-filed rule is applicable when the first action is an improper anticipatory filing or an attempt to forum shop. *See e.g. Family Dollar Stores, Inc. v. Overseas Direct Import Co., Ltd.*, 3:10-cv-278, 2011 WL 148264, *3 (W.D.N.C. Jan. 18, 2011) (transferring the first-filed action to the forum where the second-filed action was pending after finding that the first-filed action was an anticipatory filing); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.* 264 F.Supp.2d 357, 360 (W.D.N.C. 2003) (". . . even if a court finds the first-filed rule applicable, it may still make the discretionary determination that the rule should be ignored as a result of 'special circumstances,' such as forum shopping, anticipatory filing, or bad faith filing"). "Among the special circumstances that would permit a departure from the first-filed rule is the instance where an action was filed in the

midst of settlement negotiations." *Family Dollar Stores*, 2011 WL 148264, *3(citations omitted).

Plaintiff argues that "Feldman & Pinto's filing of the Philadelphia Action was an improper anticipatory filing, carried out in bad faith and in an attempt to forum shop . . . ." Pl.'s Mot. to Recons. 2. According to Plaintiff, Seithel retained counsel while the parties were attempting to negotiate an amicable split, but Feldman & Pinto filed the Philadelphia Action mere hours after being notified that Seithel had retained counsel. Plaintiff argues that Feldman & Pinto's filing of the summons upon learning that Seithel had retained counsel was an anticipatory filing intended to secure first-filed status in that forum.

While the parties may have been involved in negotiations, and Feldman & Pinto may have filed the Philadelphia Action soon after Seithel's attorney notified Feldman & Pinto that she had retained their representation, the Court does not believe that application of the exception is appropriate in this case. The Court declines to apply the exception because the Eastern District of Pennsylvania is the appropriate forum for this litigation. The majority of the witnesses, the Defendants, and the law firm's records are all located in Pennsylvania. Additionally, while associated with Feldman & Pinto, Seithel worked at, or remotely from, offices located in Pennsylvania. Therefore, the Court believes the Eastern District of Pennsylvania is the appropriate forum.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Reconsider, Alter or Amend the Court's Order is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**October 3, 2011**